(No. 5147–

THE PITTSBURG AND MIDWAY COAL MINING CO., A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed July 24, 1964.*

SCHIFF, HARDIN, WAITE, DORSCHEL AND BRITTON, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

DOVE, J.

The claim, as set forth in the complaint filed herein, is based upon a purchase order for coal to be shipped and delivered to the Dixon State School, covering 215.50 tons of coal in the amount of $1,407.22, which purchase order is evidenced by invoices attached to the original complaint.

Thereafter a stipulation was duly entered into by and between claimant and the office of the Attorney General for the State of Illinois. This stipulation provides as follows:

"1. On or about June 22, 1963, as a result of competitive bidding, respondent, through its Department of Finance, Purchases and Supplies Section, by and through James A. Ronan, Director of Finance, issued to claimant a written purchase order bearing the aforesaid date and numbered 526983 (hereinafter referred to as the 'purchase order'), a copy of which is attached to the complaint herein as exhibit A. Said purchase order was amended and partially cancelled by a written cancellation of purchase order, dated April 17, 1963, a copy of which is attached to the complaint herein as exhibit B. Except as hereinbefore stated, said purchase order has not been cancelled or amended by the parties. The contract evidenced by the purchase order is listed on page three of the Tabulation of Annual Coal Contracts for 1962-1963, dated July 23, 1962, by the Department of Finance, State of Illinois. A copy of pages one and three of said Tabulation are attached to the complaint herein as exhibit C.

2. All the coal required under the purchase order, as amended, to be shipped and delivered to the Dixon State School (hereinafter referred to as 'the School') has been delivered to and received by the School, freight prepaid. Pursuant to such delivery, receipt, and acceptance of coal, claimant has invoiced respondent, through the School, the amounts legally due and owing from respondent to claimant by virtue of such delivery, receipt, and acceptance. All such invoices, being the legal obligation of the State of Illinois, have been duly paid by respondent with the exception of an invoice (hereinafter referred to as the 'invoice') covering 215.50 tons of coal in the amount of $1,407.22. A copy of said invoice is attached to the complaint herein as exhibit D. Said invoice is supported by prepaid freight bills, dated May 20, 1963, June 3, 1963, June 4, 1963 and June 24, 1963, copies of which are attached to the complaint herein as exhibits E, F, G and H, respectively.

3. Said invoice was returned unpaid to claimant by respondent, through the School, under cover of letter, dated November 22, 1963, a copy of which is attached to the complaint herein as exhibit I. Such letter stated that said invoice was not received until September 23, 1963, that the last day for vouchering invoices from the 72nd biennium was September 20, 1963, and that, although the coal covered by the invoice was received, and claimant was entitled to payment, it would be necessary to file a claim against respondent through the Court of Claims.

4. Subsequent to the institution of this action in the Court of Claims, the Department of Finance of the State of Illinois has advised the Attorney General that it has no defense to the claim.

5. Claimant has performed all conditions and terms required on its part to be performed, and is the only person to have any interest in the claim above stated. No assignment or transfer of the claim, or any part

thereof, has been made by claimant. Neither this claim nor any other claim relating to the occurrence, which gave rise to this claim, has been previously presented to any person, corporation or tribunal other than the State of Illinois and its representatives.

6. Claimant, The Pittsburg and Midway Coal Mining Co., A Corporation, is, therefore, entitled to an award in the sum of $1,407.22."

The only question we now have to pass upon is whether or not an award can be made for the balance due upon the contract where the appropriation has lapsed.

Where a contract with the State has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; and, (4) adequate funds were available at the time the contract was entered into, this Court will enter an award for the amount due. *National Korectaire Company* vs. *State of Illinois*, 22 C.C.R. 302. It appears that all qualifications for an award have been met in the instant case.

Claimant is hereby awarded the sum of $1,407.22.